# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ASUA BUIE,

                Plaintiff,

v.

ARAMARK COMPANY, CO BRAD, MILWAUKEE COUNTY, MICHAEL HAFFEMANN, ASSISTANT MICKENZIE, LT. REEVES, LT. MILLIENEA, SGT. WILLIAMS, and SGT. BLUE,

                Defendants.

Case No. 19-CV-76-JPS

**ORDER**

Plaintiff, an inmate proceeding *pro se,* filed a complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's petition to proceed without prepayment of the filing fee, or *in forma pauperis*. (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $18.00. *See* 28 U.S.C. § 1915(b).

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At all times relevant to his complaint, Plaintiff was incarcerated at the Milwaukee County House of Correction. (Docket #1 at 2). He alleges that he was assigned to work in the kitchen for eight hours per day, six days per week. *Id.* He performed this work for Aramark Company ("Aramark"), a private company with which his prison contracted for the provision of food service. *Id.* Plaintiff was not paid for his work; instead, he was informed that that he would receive one day off of his sentence for each week of work. *Id.* at 3.

On December 19, 2018, Sergeant Williams went to Plaintiff's dorm and announced that two work hours would be taken from every inmate in the dorm because meal trays in the kitchen had not been cleaned. *Id.* Then, either because of the uncleaned trays or because of some other misconduct, the sergeant instituted a disciplinary action against Plaintiff and one day of credit was taken from him. *Id.* Plaintiff complains that he was not given a copy of a violation report informing him of the rule he violated, he was not given a hearing (and he did not waive his right to have one), he was not given the option of calling witnesses or presenting any evidence, and he was not allowed to appeal. *Id.* at 3–4. Plaintiff filed a grievance and was told that the matter of his disciplinary action was not grievable. *Id.* at 4.

On these allegations, Plaintiff seeks to bring a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and a due process claim under the Fourteenth Amendment. *See* (Docket #1 at 9–10). For his FLSA claim, Plaintiff argues that the minimum wage provision of the FLSA requires the prison, or Aramark, to compensate inmate workers in the form of wages and benefits. *Id.* at 9. For his due process claim, Plaintiff argues that he was deprived of a property interest, one day of good-time credit, without any process, including a hearing and the opportunity to present evidence. *Id.* at 10.

Neither of these claims are viable. First, prison and jail inmates are not covered by the FLSA. *Bennett v. Frank*, 395 F.3d 409, 410 (7th Cir. 2005). The Seventh Circuit has explained that

> [p]eople are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep. If it puts them to work, it is to offset some of the cost of keeping them, or to keep them out of mischief, or to ease their transition to the world outside, or to equip them with skills and habits that

> will make them less likely to return to crime outside. None of these goals is compatible with federal regulation of their wages and hours.

*Id.* In other words, Plaintiff's prison can put him to work for little or no compensation without violating the FLSA. The fact that Plaintiff's work was supervised by staff from a private company with which the prison contracted for kitchen services does not change this result. *Cf. id.* at 409 ("[P]risoners are not employees of their prison, whether it is a public or a private one."). Plaintiff's FLSA claim must be dismissed.

His due process claim must be dismissed as well, but for a different reason: it is barred by the *Heck* favorable-termination rule. In *Heck v. Humphrey*, the Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). In other words, if the relief a Section 1983 plaintiff seeks would "necessarily imply the invalidity of [his] conviction or sentence," *Heck,* 512 U.S. at 487, no Section 1983 claim accrues until the plaintiff succeeds in invalidating the underlying conviction or sentence.

This rule applies in equal force in the prison-discipline context. *Edwards v. Balisok,* 520 U.S. 641 (1997) (Section 1983 claim barred by *Heck* where prisoner plaintiff alleged that his conduct hearing, which resulted in

his loss of good-time credits, was unfair). When an inmate is found guilty of a disciplinary violation, prison officials can apply sanctions including the revocation of good-time credits, a sanction that has the effect of lengthening the inmate's term of confinement. The inmate must succeed in invalidating the disciplinary sanction before he can bring a Section 1983 claim premised on the alleged unfairness of the proceeding. *Id.* at 648; *see also Morgan*, 914 F.3d at 1119.

Plaintiff alleges a due process violation in the disciplinary procedure that led to the revocation of his good-time credit. A damages judgment for Plaintiff would amount to a judicial determination that prison officials infringed Plaintiff's constitutional rights by not giving Plaintiff a hearing or allowing him to call witnesses, rendering the proceeding unfair. Such a judgment would straightforwardly imply the invalidity of Plaintiff's punishment, triggering *Heck*'s favorable-termination rule. *Morgan*, 914 F.3d at 1121. Before Plaintiff can come to court with a due process claim regarding his good-time credit, he must successfully invalidate the disciplinary sanction, either by appealing through state administrative procedures if available, or by petitioning for relief under the federal habeas corpus statute.

Plaintiff's due process claim will, therefore, be dismissed. However, because it is at least theoretically possible that Plaintiff could later succeed in overturning his disciplinary sanction by way of a habeas action or some other avenue, the due process claim will be dismissed without prejudice. *See Morgan*, 914 F.3d at 1122.

Finally, the Court finds that allowing Plaintiff to amend his complaint would be futile. He can allege no other facts at this time that would make his claims viable. Therefore, this action will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Fair Labor Standards Act claim be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment due process claim be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED;**

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the $332.00 filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge